
COPY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
U.S. DISTRICT COURT
NEW MEXICO
JAN 11 1999

CLERK

JEFFREY THOMPSON,

    Plaintiff,

vs.     Civ. No. 97-1544-HB

CITY OF LAS CRUCES,
POLICE CHIEF BILL BAKER,
POLICE OFFICERS CHRIS MILLER,
RICK CENICEROS, AND SERGEANT
RICK MEDINA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted and Lack of Federal Jurisdiction or, in the Alternative, Motion for Summary Judgment. Defendants contend that, pursuant to the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), Plaintiff's claims are not cognizable under 42 U.S.C. § 1983. Defendants further contend that Plaintiff also is collaterally estopped from relitigating his claims in this court. The Court construes this motion as a motion for summary judgment. Having considered the motion, the memoranda in support and in opposition, and the applicable law, the Court finds that the motion will be granted in part and denied in part.

### I. Factual Background

On September 20, 1996, Plaintiff was arrested in Las Cruces, New Mexico. Plaintiff was charged with battery on a police officer and assault on a police officer. On December 10, 1996,



the State of New Mexico filed a criminal information in the Third Judicial District Court, County of Doña Ana, entitled *State of New Mexico v. Jeffrey Thompson*, CR-96-778. The criminal information charged Plaintiff with committing the crimes of assault on a police officer and battery on a police officer. On May 21, 1997, a jury convicted Plaintiff of assault on a police officer in violation of N.M.Stat.Ann. § 30-22-21 and acquitted him of the charge of battery on a police officer. On August 18, 1997, the district judge sentenced Plaintiff to serve a term of 364 days at the Doña Ana County Detention Center. However, the district judge suspended Defendant's sentence and placed him on probation. Plaintiff did not appeal his conviction.

On December 11, 1997, Plaintiff filed this lawsuit alleging the following: 1) Count I, action pursuant to 42 U.S.C. § 1983, alleging violations of Plaintiff's Fourth Amendment rights; 2) Count II, action pursuant to 42 U.S.C. § 1983 against the City of Las Cruces, alleging violations of Plaintiff's Fourth Amendment rights; 3) Count III, New Mexico Tort Claims action, alleging false arrest, false imprisonment, battery, and negligence; 4) Count IV, action for malicious prosecution; and 5) Count V, action for false arrest.

## II. Summary Judgment Standard

This Court will grant summary judgment when there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The movant carries the burden of establishing there are no genuine issues of material fact, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970), but may discharge its burden by showing there is an absence of evidence to support the non-movant's case, *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant meets its burden, the burden shifts to the non-movant to demonstrate a genuine issue for trial on a material matter. *Bacchus Indus., Inc. v. Arvin Indus.,*

*Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). In making its summary judgment determination, the court looks at the pleadings and documentary evidence in the light most favorable to the non-movant, *Deepwater Invs., v. Jackson Hole Ski Corp.* 938 F.2d 1105, 1110 (10th Cir. 1991), and the movant must show beyond a reasonable doubt it is entitled to summary judgment, *Hicks v. City of Watonga, Okla.*, 942 F.2d 737, 743 (10th Cir. 1991). However, once the burden shifts to the non-movant, that party may not rest on its pleadings but must set forth specific facts showing there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof. *Celotex Corp.*, 477 U.S. at 324. If the non-movant cannot make such a showing, after adequate time for discovery, summary judgment is mandated. *Id.* at 322.

### III. Discussion

Defendants claim that under *Heck v. Humphrey*, 512 U.S. 477 (1994), Plaintiff's Complaint should be dismissed. In *Heck v. Humphrey*, the Supreme Court held that to have a cause of action for harm caused by actions whose unlawfulness would render a conviction or sentencing invalid the plaintiff must prove that the conviction has been reversed on direct appeal, expunged by executive order, or declared invalid by a state or federal court. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983." *Id.* at 487. Under *Heck*, the Court must first consider whether a judgment in favor of the plaintiff "would necessarily imply the invalidity of his conviction or sentence." *Id.* If it would invalidate his conviction or sentence, the complaint has to be dismissed.

In this case, Plaintiff was tried by a jury and convicted of assaulting an officer, in violation of N.M.Stat.Ann. § 30-22-21. Plaintiff did not appeal his conviction. Accordingly,

under *Heck*, all of Plaintiff's claims, except for the excessive force claim against Defendants Miller, Ceniceros, Medina and the City of Las Cruces (Count II-alleged custom and policy of condoning abuse of power ), must be dismissed. *See e.g., Cabrera v. City of Huntington Park*, 159 F.3d 374, 380-81 (9th Cir. 1998)(claim for the use of excessive force, if successful, would not necessarily imply the invalidity of conviction).

Moreover, collateral estoppel bars Plaintiff from relitigating issues already determined in the state criminal proceedings. In *Allen v. McCurry*, 449 U.S. 90, 103-04 (1980), the Supreme Court determined that judgments rendered upon matters in issue in state criminal proceedings may collaterally preclude their relitigation in a subsequent civil suit brought under 42 U.S.C. § 1983. Federal courts must apply the state collateral estoppel rules when determining whether a prior state court judgment bars litigation of an issue in a § 1983 claim. 28 U.S.C. § 1738; *Allen*, 449 U.S. at 96. Therefore, the issue is whether, under New Mexico rules of collateral estoppel, Plaintiff's misdemeanor conviction precludes him from challenging the legality of his arrest in a subsequent civil action.

In New Mexico, collateral estoppel may bar the relitigation of ultimate facts or issues actually decided in a prior criminal conviction. *City of Roswell v. Hancock*, 967 P.2d 449, 452 (N.M.Ct.App. 1998). In order for collateral estoppel to apply, the following elements must be present:

> (1) the party against whom collateral estoppel is asserted must be the same party or be in privity with the party to the original action; (2) the subject matter or the cause of action in the two suits must be different; (3) the ultimate facts or issues must have been actually litigated; and (4) the issue must have been necessarily determined.

*State v. Bishop*, 113 N.M. 732, 734 (Ct.App. 1992). Moreover, "fundamental fairness requires

that the party against whom collateral estoppel is asserted be given a full and fair opportunity to litigate." *Id.* Defendants have not presented evidence to the Court that Plaintiff had a "full and fair opportunity to litigate" his excessive force claim in the prior state criminal proceeding. Accordingly, Defendants' motion for summary judgment on the grounds that Plaintiff is collaterally estopped from relitigating his excessive force claim is denied.

In Count II of Plaintiff's Complaint, he alleges the City of Las Cruces is liable for its conduct for its failure " to train, supervise, and control" its officers. Plaintiff further alleges that "as a result of its custom or policy which condoned or encouraged the officers' actions" he suffered damages.

In municipality liability cases, the Supreme Court has "required a plaintiff seeking to impose liability under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Board of County Comm'rs v. Brown*, 117 S.Ct. 1382, 1388 (1997). The Supreme Court explained that along with identifying a policy or custom a plaintiff must also show that the municipality, through its deliberate conduct, was the "moving force" behind the alleged constitutional injuries. *Id.* Thus, "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id.* "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Id.*

An inadequate training claim can be the basis for § 1983 liability. *Id.* "[T]he existence of a pattern of tortious conduct by inadequately trained employees may tend to show that the lack of

proper training . . . is the 'moving force' behind the plaintiff's injury." *Id.* at 390.

To show culpability in a failure to act case, the plaintiff must normally show the municipality's inaction resulted from "deliberate indifference to the rights of the plaintiff." *Jenkins v. Woods*, 81 F.3d 988, 994 (10th Cir. 1996). "The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." *Brown*, 117 S.Ct. at 1390. In most instances, notice can be established by proving the existence of a pattern of tortious conduct. *Id.*

In this case, Plaintiff has presented enough evidence to overcome summary judgment on his claim that the City of Las Cruces had notice of Officer Miller's pattern of using excessive force but failed to take any action against him. Accordingly, Defendants' motion for summary judgment is granted as to all of Plaintiff's claims except for the excessive force claim against the individual officers and the City of Las Cruces.

NOW, THEREFORE,

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment is granted in part and denied in part. Defendants' Motion for Summary Judgment is granted as to all of Plaintiff's claims except for the excessive force claim against the individual officers and the City of Las Cruces.

*[signature]*
HOWARD C. BRATTON
United States District Judge